IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ENRIQUE BECERIL and MARIA BECERIL | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-302 |
| | § | |
| FIDELITY NATIONAL PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Plaintiffs' Motion to Enter Judgment or Alternatively, Motion for Summary Judgment" which seeks to have a final judgment or summary judgment entered in favor of Plaintiffs, Enrique and Maria Beceril. The Motion should be promptly and unceremoniously denied.

Defendant, Fidelity National Property and Casualty Insurance Company, under the now-mistaken belief that the Plaintiffs, Enrique and Maria Beceril and their counsel, Robert W. Loree, had agreed to settle this case was prepared to issue a check which, under the terms of the SFIP, would have listed Plaintiffs' mortgagee, Homecomings Financial, as a loss payee. Including the mortgagee, however, proved unacceptable to Plaintiffs and/or Loree. Consequently, in a tortuous manner, Plaintiffs, in the instant Motion, have tried to convert the language used by this Court in a Report and Recommendation into some binding determination by the District Court that the resolution of Fidelity's "Motion to Declare Payment of Actual Cash Value as Defined Pursuant to the Rules and Regulations of the National Flood Insurance Program Applicable to this Case and the Terms and Conditions Set Forth in Plaintiffs' SFIP" was case dispositive. Nothing could be farther from the truth. In the Report and Recommendation, this Court observed that the Parties

had "tentatively" reached a settlement that "at present" only needed an RCV/ACV finding. Apparently, that non-finalized settlement is now "off the table"; there is no settlement agreement to be enforced. Clearly, Fidelity has every right to now seek a judicial resolution of this case.

It is, therefore, the **RECOMMENDATION** of this Court that the "Plaintiffs' Motion to Enter Judgment or Alternatively, Motion for Summary Judgment" (Instrument no. 51) of Plaintiffs, Enrique and Maria Beceril, be **DENIED**.

It is the further **RECOMMENDATION** of this Court that Fidelity's "Motion to Declare that Plaintiffs' Mortgage Company Must be Listed as Loss Payee for any Payment Issued Under Coverage "A" Pursuant to the Terms of Plaintiffs' NFIP SFIP" (Instrument no. 50) be **DENIED, at this time, as moot**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 25, 2013**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____11th____ day of June, 2013.

John R. Froeschner
United States Magistrate Judge